```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

CHANDRIKA PHEA,                         *

    Plaintiff,                      *

vs.                                     *
                                                          CASE NO. 4:24-CV-183 (CDL)

WELLS FARGO HOME MORTGAGE, *et al.*,    *

    Defendants.                     *

O R D E R

Plaintiff, who is *pro se*, alleges that Defendants wrongfully foreclosed on her home. The purchaser of the property filed a dispossessory action, and a Muscogee County judicial officer held a hearing on November 19, 2024 and issued a writ of possession to the purchaser. Compl. Attach. 2, Case Information for MC2024CV006526, ECF No. 1-2. Plaintiff brought this action against Defendants under several federal statutes, including the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Fair Credit Reporting Act. Presently pending before the Court is Plaintiff's motion for an *ex parte* temporary restraining order: Plaintiff wants this Court to "halt" the State court dispossessory proceeding. Mot. for TRO 2, ECF No. 3.

Under the Anti-Injunction Act, a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid

of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  None of the three exceptions applies here.  *See Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 655 (11th Cir. 2014) (per curiam) (explaining that the first exception only applies if the plaintiff seeks relief under a federal statute that creates a "specific and uniquely federal right or remedy" that can be "given its intended scope only by the stay of a state court proceeding," that the second exception only applies if the action was removed from state court or the federal court had *in rem* jurisdiction over the subject property before the state court did, and that the third exception only applies if the federal court has already issued a judgment).  Accordingly, based on the present record, the Court may not issue an *ex parte* temporary restraining order to halt the State court dispossessory proceeding.  Plaintiff's motion (ECF No. 3) is denied.

    IT IS SO ORDERED, this 18th day of December, 2024.

                                    s/Clay D. Land
                                    CLAY D. LAND
                                    U.S. DISTRICT COURT JUDGE
                                    MIDDLE DISTRICT OF GEORGIA