IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHANDRIKA D. PHEA,                    *

        Plaintiff,                    *

vs.                                   *

WELLS FARGO HOME MORTGAGE,            *        CASE NO. 4:24-CV-183 (CDL)
JAPJI DEVELOPMENT COMPANY, and
ALDRIDGE PITE LLP,                    *

        Defendants.                   *

_____

O R D E R

Plaintiff, who is *pro se*, alleges that "Defendants" completed an "illegal foreclosure sale" of her property and sold it to Defendant JAPJI Development Company. Compl. 5, ECF No. 1. Plaintiff's Complaint contains counts against Defendants for violations of (1) the Fair Debt Collection Practices Act, (2) the Truth in Lending Act, (3) the Fair Credit Reporting Act, and (4) federal securities laws. *Id.* at 5-7. Plaintiff also contends that Defendants violated her constitutional rights. *Id.* at 9. And, although Plaintiff's complaint does not contain a count for wrongful foreclosure, she seeks "damages for . . . wrongful foreclosure." *Id.* at 2.[1] Presently pending before the Court are

---

[1] Plaintiff also sought a temporary restraining order to halt the state court dispossessory proceeding, but the Court denied that motion based on the Anti-Injunction Act. Order Den. Mot. for TRO, ECF No. 6.

Defendants' motions to dismiss Plaintiff's complaint. As discussed below, the motions (ECF Nos. 8, 9 & 21) are granted.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Plaintiff's pro se complaint is not clear. Based on the complaint and the documents she attached to it, Plaintiff appears to allege that she borrowed money to purchase property in 2014, that her security deed was assigned to Wells Fargo in 2016, that she entered a loan modification agreement with Wells Fargo in 2021,

and that she executed a new security deed in favor of Wells Fargo in connection with the loan modification. Plaintiff alleges that in 2023, she began "exercising her lawful right to question the validity of the debt" by sending letters to Wells Fargo. The first letter was a 17-page document entitled "Conditional Acceptance for Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering." Compl. at 3 & Ex. B, Letter from C. Phea to Wells Fargo (Nov. 27, 2023), ECF No. 1-4 at 2-18. Most of the letter is nonsensical. Plaintiff included in the letter an "Equitable Remittance Coupon" to Wells Fargo for what appears to be the approximate outstanding balance of her mortgage loan following the loan modification. *Id.* at 3, ECF No. 1-4 at 4. Plaintiff stated that her mortgage debt was a government obligation and that Wells Fargo should present the coupon "to the United States Treasury Department or at any Federal Reserve bank . . . to receive the value of the obligation . . . directing an immediate credit for value to [her] account." *Id.* The letter also stated that Plaintiff believed the account was paid in full. In another letter, Plaintiff sought verification of the debt, this time asking for a certified copy of the original promissory note and a detailed report of how the debt was calculated. Compl. Ex. B, Letter from C. Phea to Wells Fargo (Feb. 15, 2024), ECF No. 1-4 at 23-24.

Plaintiff seems to contend that she could not have been in default on her mortgage loan because of the two letters. She

further asserts that Wells Fargo reported negative credit information about her loan to credit reporting agencies. Plaintiff also contends that her original promissory note and security deed "were improperly securitized and treated as securities." Compl. 7. Finally, Plaintiff alleges that the "foreclosure and subsequent actions" violated her constitutional rights under the Fifth and Fourteenth Amendments. *Id.* at 9.[2]

DISCUSSION

Plaintiff alleges that all Defendants violated the Fair Debt Collection Practices Act, the Truth in Lending Act, the Fair Credit Reporting Act, federal securities laws, and the Fifth and Fourteenth Amendments to the United States Constitution. She also contends that she was subjected to a wrongful foreclosure.

Taking the constitutional claims first, they all fail. The Fifth Amendment restricts government actions, and Defendants are not alleged to be government entities. *See Bradshaw v. Fed. Aviation Admin.*, 8 F.4th 1215, 1224 (11th Cir. 2021) (stating that a Fifth Amendment due process claim requires proof that the *government* deprived a person of a constitutionally protected interest in property). Likewise, the Fourteenth Amendment only

---

[2] It is undisputed that after the foreclosure sale, JAPJI Development Company filed a dispossessory action in the Municipal Court of Columbus, Georgia. The Municipal Court held a hearing, which Plaintiff attended. The Municipal Court granted the requested writ of possession. Plaintiff filed a petition for review from the Superior Court, but her petition was dismissed.

protects people against violations by state actors, not private
actors, even private actors who use the state court legal process.
*King v. Epstein*, 167 F. App'x 121, 122–23 (11th Cir. 2006) (per
curiam) ("The Fourteenth Amendment does not prohibit 'private
conduct, however discriminatory or wrongful,' unless the private
individual has become so allied with the state as to be a state
actor.") (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936
(1982)).

Turning to the other claims, the only specific factual
allegations supporting these claims are against Wells Fargo. There
are no factual allegations regarding any conduct by Aldridge Pite,
LLP or JAPJI Development Company. Accordingly, Plaintiff's
complaint fails to state a claim against those two Defendants.

Plaintiff does claim that she was subjected to wrongful
foreclosure when Wells Fargo conducted a non-judicial foreclosure
sale. She asserts that Wells Fargo improperly determined that she
was in default for failure to pay amounts due under her loan
agreement, so there was no basis for the foreclosure. But
Plaintiff does not allege that she actually paid the amounts due
under the loan agreement and was thus not in default. Rather, she
argues that she was not in default because she sent Wells Fargo
two letters asking for validation of the debt, and in one of those
letters Plaintiff appears to contend that her account was paid in
full because of the "Equitable Remittance Coupon." To the extent

that Plaintiff alleges she was not in default because of the
"Equitable Remittance Coupon," that argument fails because the
"coupon" she relies on could not legitimately satisfy her payment
obligations.  To the extent that Plaintiff contends that she was
not in default because her letters challenged some of Wells Fargo's
charges, that claim also fails.  A borrower cannot withhold
principal and interest payments that are legitimately owed; if she
does, she will be in default.  *See Mitchell v. Interbay Funding,
LLC*, 630 S.E.2d 909, 911 (Ga. Ct. App. 2006) (affirming grant of
summary judgment on wrongful foreclosure claim where it was
undisputed that the borrowers failed to pay principal and interest
they admittedly owed while they challenged flood insurance charges
they claimed they did not owe).  For these reasons, the Court finds
that the present complaint does not plausibly allege that Plaintiff
was not in default under the note and the security deed.
Accordingly, her wrongful foreclosure claim against Wells Fargo
fails and is dismissed.

Plaintiff's next claim is that Wells Fargo violated the Fair
Debt Collection Practices Act by failing to validate a debt under
15 U.S.C. § 1692g.  If a consumer disputes a debt that a "debt
collector" is trying to collect, the statute requires the "debt
collector" to obtain verification of the debt from the creditor
and send a copy to the consumer.  15 U.S.C. § 1692g(b).  A "debt
collector" is a person who attempts to collect debts "owed or due

another." 15 U.S.C. § 1692a(6).  It does not include employees of the creditor while collecting debts for that creditor.  15 U.S.C. § 1692a(6)(A).  Plaintiff alleges that Wells Fargo is the holder of the debt—the creditor.  Thus, Wells Fargo is not a "debt collector" and cannot be held liable under 15 U.S.C. § 1692g for failing to verify Plaintiff's debt.  This claim is dismissed.

Plaintiff's next claim is that Wells Fargo violated the Truth in Lending Act by failing to disclose "material information about the mortgage and loan transfer."  Compl. 4.  The Truth in Lending Act requires certain disclosures regarding the consequences of having a mortgage on the borrower's home.  15 U.S.C. § 1639(a).  Those disclosures must be made at least three business days "prior to consummation of the transaction."  15 U.S.C. § 1639(b).  If a creditor fails to comply with the disclosure requirements, it may be subject to civil liability, but an action for such a violation must be brought "before the end of the 3-year period beginning on the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Plaintiff did not clearly allege which transactions she contends Wells Fargo did not make adequate disclosures for, but the only transactions referenced in the complaint are the original 2014 mortgage, the 2016 assignment of the security deed, and the November 23, 2021 loan modification agreement.  Thus, any Truth in Lending Act violations occurred by November 23, 2021 at the latest.  Plaintiff did not bring this action until more than three years

later, on December 16, 2024.  Accordingly, her Truth in Lending Act claims are dismissed as time-barred.

Plaintiff's next claim is that Wells Fargo violated the Fair Credit Reporting Act by reporting negative information about her debt.  As a furnisher of credit information, Wells Fargo "shall not furnish information relating to a consumer to any consumer reporting agency if" the consumer submits notice of dispute asserting "that specific information is inaccurate" and the furnisher determines, upon reinvestigation, that "the information is, in fact, inaccurate."  15 U.S.C. § 1681s-2(a)(1)(B).  The Fair Credit Reporting Act contains a specific process for a consumer to dispute information directly with a creditor.  *See* 15 U.S.C. § 1681s-s(a)(8)(D) (setting forth the process).  Plaintiff did not allege that she followed the statutory process for disputing the mortgage debt with Wells Fargo by identifying specific information that she disputed.  Neither of the letters she attached to her complaint clearly identifies any specific disputed information, explains the basis for the dispute, or includes supporting documentation to substantiate the basis of the dispute.  Accordingly, the Court finds that Plaintiff did not allege a sufficient factual basis for her Fair Credit Reporting Act claim against Wells Fargo, and that claim is dismissed.

Finally, Plaintiff contends that her note and security deed were "improperly securitized" and sold as securities without

compliance with certain registration and disclosure requirements. Coml. 7. She asserts that the failure to register the "securities" violated the Securities Act of 1933. Section 5 of the Securities Act of 1933 generally prohibits persons from selling securities that are not registered with the Securities and Exchange Commission. 15 U.S.C. § 77e. If an issuer of securities offers or sells an unregistered security in violation of Section 5, then the issuer may be liable "to the person purchasing such security from him." 15 U.S.C. § 77*l*(a)(1). Plaintiff does not allege that she purchased any security from Wells Fargo, so her claim under the Securities Act of 1933 fails. Plaintiff also claims that Wells Fargo engaged in deceptive practices in violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. *See* 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. There is an implied private right of action under Rule 10b-5, which permits a claim by an investor who suffers an economic loss caused by his reliance on a material misrepresentation by the buyer or seller of a security. *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1317 (11th Cir. 2019). Plaintiff does not allege any facts to suggest that she is an investor who suffered such a loss, so her complaint does not state a claim under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. In summary, Plaintiffs' claims for violations of federal securities laws all fail.

CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim on which relief may be granted. The Court thus grants Defendants' motions to dismiss (ECF Nos. 8, 9 & 21). The Court declines to impose any sanctions on Plaintiff at this time.

As for JAPJI Development Company's demand that any lis pendens be canceled, the Court understands that Plaintiff filed a notice of lis pendens in this Court when she filed her complaint. Notice of Lis Pendens, ECF No. 4. It is not clear from the present record whether Plaintiff recorded a notice of lis pendens with the Clerk of the Court for the Superior Court of Muscogee County. If such notice has been recorded in the Superior Court and if Plaintiff does not file a release of the lis pendens in accordance with O.C.G.A. § 44-14-612 within thirty-one days after entry of judgment in this action, then JAPJI Development Company may file an appropriate motion seeking release of the lis pendens.

IT IS SO ORDERED, this 27th day of March, 2025.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA